# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52630

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 16, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DONALD RAY HOLMES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment of conviction and determinate sentence of one day for escape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Donald Ray Holmes entered an *Alford*[1] plea to escape. I.C. § 18-2505. In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. The district court sentenced Holmes to a determinate term of one day to be served consecutively to an unrelated sentence. Holmes appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Holmes contends his one-day sentence is excessive because he "would like to put the charges behind him to move on with his life." Holmes provides no argument on how a one-day sentence meaningfully impairs this desire. Holmes's judgment of conviction and sentence are affirmed.